WALDECK and another vs. THE SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY.

*September 5 — November 21, 1882.*

INSURANCE AGAINST FIRE: *Policy terminated by damage from explosion.*

A policy of insurance against fire contained a condition that if the premises insured " be damaged or destroyed by the bursting of a boiler or by explosion from any cause, this policy shall be null and void the instant the casualty by explosion occurs." *Held:*

(1) The word " casualty " refers to the damage or destruction of the premises mentioned in the condition, and not to a *fire* caused by the explosion.

(2) The condition is valid and unambiguous; and an explosion and consequent damage to the insured premises terminates the policy.

APPEAL from the Circuit Court for *Milwaukee* County.

The action is founded upon a policy of insurance against fire, written by the defendant company, upon a certain distillery of the plaintiffs, which was afterwards burned. The case was here on a former appeal. 53 Wis., 129. The proofs of loss contained the statement that " the fire originated from explosion of the boiler, fire ensuing afterwards." In its original answer the defendant pleaded the fact that it did so originate, and also pleaded such statement in the proofs of loss as an estoppel. The circuit judge held that the plaintiffs were estopped by their statement, and the defendant had judgment. This court held it no estoppel, but that, if the plaintiffs made an honest mistake in their proofs as to the fact of the origin of the fire, they should be allowed to correct it by showing what the facts really were. This was the only question determined. The case was remanded for a new trial, and the defendant amended its answer by adding thereto an averment that the policy contained a covenant or condition to the effect that the defendant should not be held liable, by virtue of the policy, for

Waldeck and another vs. The Springfield Fire and Marine Ins. Co.

any loss occasioned or caused by the bursting of a boiler, or by explosion from any cause, and that if the insured premises should be damaged or destroyed by the bursting of a boiler, or by explosion from any cause, the policy was to be null and void the instant such casualty should occur. Also, that a boiler burst in the insured building, by means of which the building and insured property was damaged or destroyed. It is claimed that the policy became null and void at the instant of such explosion. The cause was again tried, and it was proved that a boiler in the distillery exploded, doing some damage to the insured premises and property, before the fire broke out which destroyed it. It is not conclusively proved that the fire was caused by the explosion. There is testimony tending to show that the explosion preceded the fire from thirty to forty-five minutes. The circuit judge directed a verdict for the defendant. The plaintiffs appealed from the judgment entered pursuant to the verdict.

For the appellants there were briefs by *Cottrill, Hanson & Brown*, and oral argument by *Mr. Cottrill.* They cited *Commercial Ins. Co. v. Robinson*, 64 Ill., 265; *Insurance Co. v. Parker*, 23 Ohio St., 85; *Citizens' Ins. Co. v. Glasgow*, 9 Mo., 411; *Perrin v. Protection Ins. Co.*, 11 Ohio, 147; *Stanley v. Western Ins. Co.*, 3 L. R., Exch., 71; *S. C.*, 37 L. J., Exch., 73.

For the respondent the cause was submitted on the brief of *Finches, Lynde & Miller:*

At variance with the decision in *Commercial Ins. Co. v. Robinson*, 64 Ill., 265, cited by the appellants, are *United L., F. and M. Ins. Co. v. Foote*, 22 Ohio St., 349; *St. John v. A. M. F. & M. Ins. Co.*, 1 Duer, 371; *S. C.*, 1 Kern., 518; *Montgomery v. Ins. Co.*, 16 B. Mon., 437; *Stanley v. Western Ins. Co.*, 3 L. R., Exch., 71; but none of these cases touch the precise point here involved. The language of the clause in the policy is plain and unambiguous, and the insurance ceased the instant the property was damaged by

the explosion. *Hayward v. Liverpool Ins. Co.*, 3 Keyes, 456.

Lyon, J. The policy in suit contains the following covenants or conditions: "This company shall not be liable by virtue of this policy, or any renewal thereof, . . . for any loss caused by the bursting of a boiler, or by explosion from any cause; and if the premises . . . insured be damaged or destroyed by the bursting of a boiler, or by explosion from any cause, this policy shall be null and void the instant the casualty by explosion occurs." The learned circuit judge held that the bursting of the boiler, by which the insured building and property was damaged, instantly terminated the policy, and hence that the defendant company is not liable thereon for the subsequent loss by fire. The learned counsel for the plaintiffs argued very ingeniously that the word *casualty*, in the condition, means *fire*, and that for the purposes of construction the sentence in which it is employed should be read: "This policy shall be null and void the instant the *fire* by explosion occurs." But we find nothing in the context, or in any portion of the policy, which will justify such a reading of the condition. The condition is not that the bursting of a boiler or an explosion will of itself terminate the policy, but that a casualty must result therefrom, to wit, the damage or destruction of the insured premises, or the policy is not terminated by the explosion. Hence we think the word *casualty*, in the condition, refers to the damage or destruction of the insured premises thereinbefore mentioned, and not to a fire caused thereby.

It will not be denied that the parties could, if they desired to do so, make a valid and binding contract to the effect that an explosion in the insured building should at once terminate the insurance contract. The insurer, taking a risk upon a building containing machinery propelled by steam-power

Waldeck and another vs. The Springfield Fire and Marine Ins. Co.

located in the building, might well refuse to make a contract which would extend his liability beyond a time when an actual explosion demonstrates, or may demonstrate, that the machinery is so defective, or is so carelessly managed, that an explosion occurs. He may well say to the insured, " I take this risk upon condition that you keep your building equipped with such machinery, and that you so manage and use it, that your boiler will not burst, and I will not write the policy without a condition in it that if the boiler does burst the risk shall terminate at the moment of explosion; " or, as in this case, the moment an explosion occurs which damages the insured premises. In view of the hazardous nature of risks on premises in which steam-power is employed to propel machinery, such a stipulation would seem to be a very reasonable and proper one. We do not perceive how such a stipulation can be more plainly expressed than it is in this policy. Indeed, the language of the condition is so clear and unmistakable that there seems to be no room for construction, and hence the rule that contracts will be so construed, if their language permits it, as to avoid a forfeiture, cannot properly be invoked to save this policy.

We see no escape from the conclusion that the policy in suit was terminated by the explosion and consequent damage to the insured premises before the same were burned. It follows that the jury were properly directed to return a verdict for the defendant.

*By the Court.*— Judgment affirmed.

ORTON, J., dissents.